**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **PATRIOT NATIONAL INC.**, *et al.*, | **Case No. 18-10189 (KG)** |
| **Debtors.** | **(Jointly Administered)** |
| **CORPORATE CLAIMS MANAGEMENT, INC.,** | |
| **Plaintiff,** | **Adv. Proc. No. 18-50307 (KG)** |
| **v.** | |
| **MICHELLE SHAIPER AND BRENTWOOD SERVICES ADMINISTRATORS, INC.,** | |
| **Defendants.** | |

## ANSWER OF DEFENDANT BRENTWOOD SERVICES ADMINISTRATORS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Brentwood Services Administrators, Inc. ("Brentwood"), by and through its undersigned counsel, and for its answer to the First Amended Complaint for Injunctive and Other Relief (the "Complaint") filed by Plaintiff Corporate Claims Management, Inc. ("CCMI" or "Plaintiff"), hereby states as follows:

### INTRODUCTION

1.      The allegations contained in Paragraph 1 of the Complaint constitute Plaintiff's summary of the action and do not require a response.  To the extent a response is required, Brentwood admits that Michelle Shaiper ("Shaiper") is a former employee of CCMI who is now employed by Brentwood.  The remaining allegations contained in Paragraph 1 of the Complaint are denied.

1

2. Brentwood lacks sufficient knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 2 of the Complaint, and, therefore, denies same. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions that require no response. To the extent the allegations contained in Paragraph 3 could be construed as factual in nature, they are denied. Brentwood expressly denies that any actions taken by Brentwood constitute theft of trade secrets or confidential business information, violate any agreements with CCMI, or otherwise give rise to any actionable claims under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") or other applicable law. Brentwood further expressly denies that any actions of Brentwood entitle CCMI to any injunctive or other relief whatsoever. Brentwood also expressly denies Plaintiff's characterization that Brentwood has participated in a "corporate raid on CCMI."

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 of the Complaint constitute jurisdictional conclusions as to which no response is required. Notwithstanding the foregoing, Brentwood admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), but denies that Plaintiff is entitled to any relief.

5. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions that require no response. Pursuant to Local Rule 7012-1, Brentwood states that it does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. The allegations contained in Paragraph 6 of the Complaint constitute conclusions concerning venue for which no response is required. Notwithstanding the foregoing, Brentwood admits that venue is proper before this Court but denies that Plaintiff is entitled to any relief.

## PARTIES

7. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and, therefore, denies same.

8. Admitted on information and belief.

9. Admitted.

## FACTUAL BACKGROUND

10. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies same.

11. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and, therefore, denies same.

12. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies same.

13. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint, and, therefore, denies same. To the extent the allegations contained in Paragraph 13 suggest that the types of information referenced in Paragraph 13 are necessarily protected by law without any further showing by CCMI, such allegations are expressly denied.

14. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and, therefore, denies same. To the extent the allegations contained in Paragraph 14 purport to suggest that Brentwood unlawfully

interfered with or impaired any goodwill belonging to CCMI, the allegations are expressly denied.

15.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and, therefore, denies same.

16.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and, therefore, denies same.

17.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and, therefore, denies same.

18.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and, therefore, denies same. To the extent the allegations contained in Paragraph 18 suggest that the types of information referenced in Paragraph 18 are necessarily protected by law without any further showing by CCMI, such allegations are expressly denied.

19.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and, therefore, denies same.

20.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint pertaining to Shaiper's knowledge, and, therefore, denies same. The remaining allegations contained in Paragraph 20 are denied. Brentwood expressly denies the characterization in Paragraph 20 that the decision of certain former CCMI employees to go to work for Brentwood constituted a "raid" of employees from CCMI.

21.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint pertaining to the efforts, time, and

resources employed by CCMI to develop the referenced information. Brentwood expressly denies that the information referenced in Paragraph 21 is necessarily protected by law as trade secret, confidential, and/or proprietary information. The remaining allegations contained in Paragraph 21 are denied.

22.     Brentwood admits upon information and belief that CCMI does business in a competitive industry. Brentwood lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 22 of the Complaint, and, therefore, denies same.

23.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint, and, therefore, denies same.

24.     The document titled "Confidentiality, Non-Interference, and Invention Assignment Agreement" speaks for itself. To the extent the allegations contained in Paragraph 24 of the Complaint are inconsistent with that document, they are denied.

25.     The document titled "Confidentiality, Non-Interference, and Invention Assignment Agreement" speaks for itself. To the extent the allegations contained in Paragraph 25 of the Complaint are inconsistent with that document, they are denied.

26.     The document titled "Confidentiality, Non-Interference, and Invention Assignment Agreement" speaks for itself. To the extent the allegations contained in Paragraph 26 of the Complaint are inconsistent with that document, they are denied.

27.     The document titled "Confidentiality, Non-Interference, and Invention Assignment Agreement" speaks for itself. To the extent the allegations contained in Paragraph 27 of the Complaint are inconsistent with that document, they are denied.

28.     The document titled "Confidentiality, Non-Interference, and Invention Assignment Agreement" speaks for itself.  To the extent the allegations contained in Paragraph 28 of the Complaint are inconsistent with that document, they are denied.

29.     The document titled "Confidentiality, Non-Interference, and Invention Assignment Agreement" speaks for itself.  To the extent the allegations contained in Paragraph 29 of the Complaint are inconsistent with that document, they are denied.

30.     The allegation contained in Paragraph 30 of the Complaint constitutes a legal conclusion as to which no response is required.  To the extent the allegation contained in Paragraph 30 could be construed as factual in nature, it is denied.

31.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint pertaining to the extent to which Shaiper allegedly planned of her exit from CCMI, and, therefore, denies same.  Brentwood admits that Brentwood is a competitor of CCMI.  The remaining allegations contained in Paragraph 31 are denied.

32.     Brentwood admits that Brentwood made an employment offer to Shaiper on December 12, 2017.  Brentwood lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 32 of the Complaint, and, therefore, denies same. However, Brentwood expressly denies Plaintiff's characterization of the decisions of certain CCMI employees and customers to move from CCMI to Brentwood as a "raid" on CCMI's employees and customers.

33.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Complaint, and, therefore, denies same.  However,

Brentwood expressly denies Plaintiff's characterization of the quoted language set forth in Paragraph 33 of the Complaint, which language speaks for itself.

34.     Brentwood admits that Shaiper commenced employment with Brentwood in January 2018, and specifically on January 2, 2018.  Brentwood lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 34 of the Complaint, and, therefore, denies same.

35.     Brentwood admits that Brentwood is a provider of insurance-related services, including workers' compensation-related services and that Brentwood is a competitor of CCMI. The remaining allegations contained in Paragraph 35 of the Complaint are denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Complaint pertaining to Shaiper's alleged creation of a spreadsheet containing customer information while still employed with CCMI, and, therefore, denies same.  The remaining allegations contained in Paragraph 39 are denied.

40.     Brentwood admits that approximately fifteen customers formerly serviced by CCMI are now customers of Brentwood.  The remaining allegations contained in Paragraph 40 are denied.

41.     Denied.

42.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Complaint, and, therefore, denies same.

43.     Denied.

## COUNT I
### (ALLEGED VIOLATION OF AUTOMATIC STAY, 11 U.S.C. § 362(a)(3) and (k))
### (Against Defendants)

44.     Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

45.     The allegations contained in Paragraph 45 of the Complaint, including but not limited to the extent to which CCMI's information is subject to trade secret or other protection under applicable law and whether such information is property of the estate, are legal conclusions that require no response.  To the extent the allegations of Paragraph 45 could be construed as factual in nature, they are denied.   It is expressly denied that Brentwood has unlawfully used protected information belonging to CCMI or its bankruptcy estate.

46.     Denied.

47.     Denied.

## COUNT II
### (ALLEGED TURNOVER OF PROPERTY OF THE ESTATE, 11 U.S.C. § 542)
### (Against Defendants)

48.     Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

49.     The allegations contained in Paragraph 49 of the Complaint that refer to unspecified information of CCMI as constituting "trade secrets, confidential, and proprietary information" and constituting property of the estate pursuant to Section 541 of the Bankruptcy Code are legal conclusions that require no response.  To the extent such allegations could be construed as factual in nature, they are denied.   Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 pertaining to whether the

unspecified information referenced in Paragraph 49 is of substantial value, benefit and use to CCMI. All other allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 of the Complaint that refer to unspecified information of CCMI as constituting "trade secrets, confidential, and proprietary information" are legal conclusions that require no response. To the extent such allegations could be construed as factual in nature, they are denied. It is expressly denied that Brentwood is in possession of CCMI trade secrets, confidential, and proprietary information.

51. The allegations contained in Paragraph 51 of the Complaint that refer to unspecified information of CCMI as constituting "trade secrets, confidential, and proprietary information" are legal conclusions that require no response. To the extent such allegations could be construed as factual in nature, they are denied. It is expressly denied that Brentwood is in possession of CCMI trade secrets, confidential, and proprietary information or that Plaintiff is entitled to any relief under § 542(a) of the Bankruptcy Code or otherwise.

## COUNT III
### (FEDERAL DEFEND TRADE SECRETS ACT)
### (Against Defendants)

52. Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

53. The allegations contained in Paragraph 53 of the Complaint constitute legal conclusions that require no response. To the extent the allegations contained in Paragraph 53 could be construed as factual in nature, they are denied.

54. The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions that require no response. To the extent the allegations contained in Paragraph 53 could be construed as factual in nature, they are denied.

55.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55 of the Complaint, and, therefore, denies same.

56.     The allegations contained in Paragraph 56 of the Complaint pertaining to the reasonableness of measures taken by CCMI to maintain the secrecy and confidentiality of its information constitute legal conclusions that require no response.  To the extent these allegations could be construed as factual in nature, Brentwood lacks sufficient knowledge or information to admit or deny them, and, therefore, denies same.  Brentwood lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 56, and, therefore, denies same.

57.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 of the Complaint, and, therefore, denies same.

58.     The allegation contained in Paragraph 58 of the Complaint constitutes a legal conclusion as to which no response is required.  To the extent the allegation contained in Paragraph 58 could be construed as factual in nature, Brentwood lacks sufficient knowledge or information to admit or deny the allegation, and, therefore, denies same.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.  Brentwood expressly denies that Plaintiff is entitled to any injunctive or other relief against Brentwood.

64.     Denied.  Brentwood expressly denies that Plaintiff is entitled to any injunctive or other relief against Brentwood.

65.     Denied.  Brentwood expressly denies that Plaintiff is entitled to any relief against Brentwood.

66.     Denied.  Brentwood expressly denies that Plaintiff is entitled to any relief against Brentwood.

67.     Denied.  Brentwood expressly denies that Plaintiff is entitled to any relief against Brentwood.

## COUNT IV
## (ALLEGED BREACH OF CONTRACT)
### (Against Shaiper)

68.     Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

69.     The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

70.     The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

71.     The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

72.     The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

73.	The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

74.	The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

75.	The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

76.	The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

77.	The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

78.	The allegations contained in Paragraphs 68 through 78 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

## COUNT V
### (ALLEGED TORTIOUS INTERFERENCE WITH CONTRACT)
### (Against Brentwood)

79.	Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

80.	Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT VI
### (ALLEGED MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF MISSOURI UNIFORM TRADE SECRETS ACT)
### (Against Defendants)

84. Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

85. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 85 of the Complaint pertaining to the effort expended by CCMI to develop any alleged trade secrets, and, therefore, denies same. Brentwood further denies that the information referred to in Paragraph 85 constitutes trade secrets without any further showing by Plaintiff. The remaining allegations contained in Paragraph 85 are denied.

86. The allegations contained in Paragraph 86 of the Complaint constitute legal conclusions that require no response. To the extent the allegations contained in Paragraph 86 could be construed as factual in nature, Brentwood lacks sufficient knowledge or information to admit or deny the allegations and, therefore, denies same.

87. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 87 of the Complaint, and, therefore, denies same.

88. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 88 of the Complaint, and, therefore, denies same.

89. Denied.

90. Denied.

91. Denied.

92.     Brentwood states that Mo. Stat. § 417.566(1) speaks for itself.  To the extent the allegations contained in Paragraph 92 of the Complaint are inconsistent with the statute, they are denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

## COUNT VII
## (ALLEGED MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT)
### (Against Defendants)

97.     Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if fully set forth herein.

98.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 98 of the Complaint pertaining to the effort expended by CCMI to develop any alleged trade secrets, and, therefore, denies same.  Brentwood further denies that the information referred to in Paragraph 98 constitutes trade secrets without any further showing by Plaintiff.  The remaining allegations contained in Paragraph 98 are denied.

99.     The allegations contained in Paragraph 99 of the Complaint constitute legal conclusions that require no response.  To the extent the allegations contained in Paragraph 99 could be construed as factual in nature, Brentwood lacks sufficient knowledge or information to admit or deny the allegations and, therefore, denies same.

100.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 100 of the Complaint, and, therefore, denies same.

101.     Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 101 of the Complaint, and, therefore, denies same.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Brentwood states that Fl. Stat. § 688.003 speaks for itself.  To the extent the allegations contained in Paragraph 105 of the Complaint are inconsistent with the statute, they are denied.

106.     Denied.

107.     Denied.

108.     Denied.

109.     Denied.

**COUNT VIII**
**(ALLEGED BREACH OF DUTY OF LOYALTY)**
**(Against Shaiper)**

110.     Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if set forth fully herein.

111.     The allegations contained in Paragraphs 110 through 114 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

112.     The allegations contained in Paragraphs 110 through 114 of the Complaint are not directed to Brentwood.  To the extent any answer is required by Brentwood, the allegations are denied.

113. The allegations contained in Paragraphs 110 through 114 of the Complaint are not directed to Brentwood. To the extent any answer is required by Brentwood, the allegations are denied.

114. The allegations contained in Paragraphs 110 through 114 of the Complaint are not directed to Brentwood. To the extent any answer is required by Brentwood, the allegations are denied.

## COUNT IX
### (ALLEGED AIDING AND ABETTING BREACH OF DUTY OF LOYALTY)
### (Against Brentwood)

115. Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if set forth fully herein.

116. Denied as stated.

117. The allegations contained in Paragraph 117 of the Complaint constitute a legal conclusion which requires no response. To the extent the allegations contained in Paragraph 117 could be construed as factual in nature, they are denied.

118. Denied.

119. Denied.

120. Denied.

## COUNT X
### (ALLEGED TORTIOUS INTERFERENCE WITH CCMI'S BUSINESS RELATIONS)
### (Against Defendants)

121. Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if set forth fully herein.

122. Brentwood lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 122 of the Complaint, and, therefore, denies same.

123.    Denied as stated.

124.    Denied.

125.    It is admitted that some CCMI customers have ceased their business relations with CCMI and begun business relations with Brentwood. The remaining allegations contained in Paragraph 125 of the Complaint are denied.

126.    Denied.

## COUNT XI
## (ALLEGED CIVIL CONSPIRACY)
### (Against Defendants)

127.    Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if set forth fully herein.

128.    Denied.

129.    Denied.

130.    Denied.

## COUNT XII
## (ALLEGED UNFAIR COMPETITION)
### (Against Defendants)

131.    Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if set forth fully herein.

132.    The allegations contained in Paragraph 132 of the Complaint constitute legal conclusions that require no response. To the extent the allegations contained in Paragraph 132 could be construed as factual in nature, they are denied. It is expressly denied that any conduct or actions of Brentwood were in violation of any law.

133.    Denied.

134.    Denied.

## COUNT XIII
## (ALLEGED UNJUUST ENRICHMENT)
### (Against Defendants)

135.    Brentwood repeats and realleges its response to each and every allegation in the foregoing paragraphs as if set forth fully herein.

136.    Denied.

137.    Denied.

All allegations of the complaint not specifically admitted herein are denied.

## PRAYER FOR RELIEF

Brentwood further denies each and every allegation contained under the heading "Prayer For Relief" in the Complaint.  Brentwood denies that Plaintiff is entitled to any relief whatsoever against Brentwood.

## ADDITIONAL DEFENSES

In further answering Plaintiff's Complaint, Brentwood hereby asserts the following additional defenses:

1.    The Court lacks personal jurisdiction over Brentwood.

2.    The Complaint fails to state a claim against Brentwood upon which relief can be granted.

3.    Plaintiff's claims are or may be barred by the legal doctrines of estoppel, waiver, unclean hands, release, acquiescence, consent, and/or laches.

4.    To the extent that Plaintiff has suffered any damages or losses, which is denied, Plaintiff has failed to mitigate or minimize its alleged damages and has taken or failed to take actions that increase the amount of its alleged damages.

5.      Plaintiff's common law claims are preempted in whole or in part by statutory claims, including but not limited to its claims asserted pursuant to the Missouri and Florida Uniform Trade Secrets Acts.

6.      Plaintiff's claims are barred, in whole or in part, because the information Plaintiff claims to be trade secret, confidential, and/or proprietary is readily ascertainable by proper means.

7.      At all times relevant hereto, Brentwood has acted in good faith and with due diligence, has carried out its obligations legally, responsibly, prudently, ethically, and in compliance with any applicable laws, and did not directly or indirectly cause the act or acts constituting the alleged violations or causes of action.

8.      To the extent that Brentwood engaged in any of the conduct alleged in the Complaint, its conduct was reasonable, justified, privileged and/or in pursuit of lawful and legitimate business concerns.

9.      To the extent that any acts or omissions alleged in the complaint occurred, such acts or omissions were justified by Plaintiff's conduct, and/or Plaintiff authorized, licensed, or consented to them expressly, by implication, or by conduct.

10.     Plaintiff's claims against Brentwood are barred, in whole or in part, because any damages Plaintiff suffered, which are denied, were caused by persons and/or entities over which Brentwood had no control.

11.     Should Plaintiff receive a judgment against Brentwood, Brentwood may be entitled to contribution or indemnification from another person or entity whose negligence or other acts proximately contributed to the claimed damages.

12.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

13.     Any damages that Plaintiff may have suffered, which are denied, were not factually or legally caused by any act or omission of Brentwood.

14.     Plaintiff's request for injunctive relief is barred because the Plaintiff has suffered no harm or irreparable harm, because money damages are an adequate remedy at law, and because Plaintiff has unclean hands.

15.     Plaintiff's claims should be dismissed as contrary to public policy because they are an attempt at an unlawful restraint of trade, an attempt to engage in wage-fixing, and/or an attempt to have the Court interpret and enforce employment agreements in an anti-competitive manner.

16.      Plaintiff failed to take reasonable steps to maintain the secrecy of allegedly confidential documents or information or alleged trade secrets and/or to restrain disclosure of any such information.

17.     Plaintiff did not derive any independent economic value from its alleged confidential information or alleged trade secrets.

18.     Brentwood reserves the right to assert additional defenses permitted by law as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having fully answered, Brentwood prays that the Complaint be dismissed in its entirety and that Brentwood be awarded its costs incurred in defense thereof, including but not limited attorneys' fees, to the fullest extent permitted by law.

DATED this 7th day of May, 2018.

Respectfully submitted,
WOMBLE BOND DICKINSON (US) LLP

*/s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (DE Bar No. 4083)
Ericka F. Johnson (DE Bar No. 5024)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Phone: (302) 252-4320
Fax: (302) 661-7738
mark.desgrosseilliers@wbd-us.com
ericka.johnson@wbd-us.com

and

Tim K. Garrett (*admitted pro hac vice*)
Russell E. Stair (*admitted pro hac vice*)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Phone: (615) 742-6200
Fax: (615) 742-2770
tgarrett@bassberry.com
rstair@bassberry.com

*Counsel for Brentwood Services Administrators, Inc.*

24646355.5