# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PATRIOT NATIONAL, INC. *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10585 (KG) <br><br> (Jointly Administered) |
| CORPORATE CLAIMS MANAGEMENT, INC. <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE SHAIPER AND BRENTWOOD SERVICE ADMINISTRATORS, INC. <br><br> Defendant. | Adv. Proc. No. 18-50307 (KG) |

## ANSWER AND AFFIRMATIVE DEFENSES OF MICHELLE SHAIPER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Michelle Shaiper (the "Answering Defendant" or "Ms. Shaiper"), by and through undersigned counsel, hereby answers Plaintiff's First Amended Complaint and asserts its affirmative defenses. All allegations not expressly admitted herein are denied.

### INTRODUCTION

1. Ms. Shaiper admits she was a former employee of debtor CCMI. Ms. Shaiper denies the remaining allegations of this paragraph.

2. Denied.

3. Denied.

### JURISDICTION AND VENUE

4. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 4 are denied.

1

5. The First Amended Complaint filed by Plaintiff in this action purports to assert both core and non-core claims. To the extent an answer is required, the allegations in paragraph 5 are denied. Ms. Shaiper does not consent to the entry of a final order of judgment by this Court.

6. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 6 are denied.

## PARTIES

7. Admitted.

8. Admitted.

9. The allegations in this paragraph relate to a party other than the Answering Defendant.

## FACTUAL BACKGROUND

10. The Answering Defendant admits that Plaintiff provides claims administration services in the states identified in paragraph 10 except Tennessee, as well as providing claims administration services in other states in which it is not licensed to provide claims administration services. Answering Defendant has insufficient knowledge or information to respond to the reminder of the allegations in this paragraph; they are therefore denied.

11. The Answering Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

12. Denied. By way of further answer, prior to and after the Petition Date, many of Plaintiffs customer relationships soured due to, *inter alia*, Plaintiff's mass layoffs of its employees, poor treatment of its remaining employees and low employee morale.

13. Denied.

14. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 14 are denied.

15. Admitted.

16. Ms. Shaiper admits signing a separate employment agreement as a condition of her employment with Plaintiff. Ms. Shaiper further admits she was fraudulently induced to enter into a non-interference Agreement by Plaintiff. The remaining allegations of paragraph 16 are denied.

17. Ms. Shaiper admits the title of Chief Operations Officer was assigned to her after Plaintiff's prior Chief Operations Officer resigned. The remaining allegations of paragraph 17 are denied.

18. Ms. Shaiper admits she was privy to certain of the information identified in paragraph 18 but expressly denies such information constituted trade secret, confidential and proprietary information of Plaintiff.

19. Denied as stated.

20. Denied.

21. Denied.

22. Denied. By way of further answer, prior to and after the Petition Date, Plaintiff's business struggled and many of Plaintiffs customer relationships soured due to, *inter alia*, Plaintiff's mass layoffs of its employees, poor treatment of its remaining employees and low employee morale.

23. Denied.

24. The allegations in paragraph 24 refer to a written document that speaks for itself, and on that basis, the allegations of paragraph 24 are denied. By way of further answer, Ms. Shaiper was fraudulently induced to enter into the Non-Interference Agreement by Plaintiff.

25. The allegations in paragraph 25 refer to a written document that speaks for itself, and on that basis, the allegations of paragraph 25 are denied. Ms. Shaiper denies the Non-Interference Agreement constitutes an enforceable agreement.

26. The allegations in paragraph 26 refer to a written document that speaks for itself, and on that basis, the allegations of paragraph 26 are denied. Ms. Shaiper denies the Non-Interference Agreement constitutes an enforceable agreement.

27. The allegations in paragraph 27 refer to a written document that speaks for itself, and on that basis, the allegations of paragraph 27 are denied. Ms. Shaiper denies the Non-Interference Agreement constitutes an enforceable agreement.

28. The allegations in paragraph 28 refer to a written document that speaks for itself, and on that basis, the allegations of paragraph 28 are denied. Ms. Shaiper denies the Non-Interference Agreement constitutes an enforceable agreement.

29. The allegations in paragraph 29 refer to a written document that speaks for itself, and on that basis, the allegations of paragraph 29 are denied. Ms. Shaiper denies the Non-Interference Agreement constitutes an enforceable agreement.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied, except to admit that Ms. Shaiper tendered her resignation to Plaintiff in December 2017 as a result of, *inter alia,* being subjected to a hostile work environment.

35. The allegations in this paragraph relate to a party other than the Answering Defendant.

36. Denied as stated.

37. Denied as stated.

38. Denied.

39. Denied.

40. Denied as stated.

41. Denied.

42. Denied.

43. Denied.

## COUNT I
### (VIOLATION OF AUTOMATIC STAY, 11 U.S.C § 362(a)(3) and (k))

44. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-43 of the First Amended Complaint as if set forth herein.

45. Denied.

46. Denied.

47. Denied.

## COUNT II
### (TURNOVER OF PROPERTY OF THE ESTATE, 11 U.S.C. § 542)

48. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-47 of the First Amended Complaint as if set forth herein.

49. Denied.

50. Denied.

51. Denied.

## COUNT III
### (FEDERAL TRADE SECRETS ACT)

52. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-51 of the First Amended Complaint as if set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied as stated.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 64 are denied.

65. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 65 are denied..

66. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 66 are denied.

67. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 67 are denied.

## COUNT IV
### (BREACH OF CONTRACT)

68. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-67 of the First Amended Complaint as if set forth herein.

69. Denied. By way of further answer, Ms. Shapier was fraudulently induced into signing the Non-Interference Agreement by Plaintiff.

70. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 70 are denied.

71. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 71 are denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 78 are denied.

## COUNT V
### (TORTIOUS INTERFERENCE WITH CONTRACT)

79. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-78 of the First Amended Complaint as if set forth herein.

80. The allegations in this paragraph relate to a party other than the Answering Defendant.

81. The allegations in this paragraph relate to a party other than the Answering Defendant.

82. The allegations in this paragraph relate to a party other than the Answering Defendant.

83. The allegations in this paragraph relate to a party other than the Answering Defendant.

## COUNT VI
## MISAPPROPRIATION OF TRADE SECRETS IN
## VIOLATION OF MISSOURI UNIFORM TRADE SECRETS ACT

84. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-83 of the First Amended Complaint as if set forth herein.

85. Answering Defendant denies the items specified in this paragraph constitute trade secrets of Plaintiff.

86. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 86 are denied.

87. Denied.

88. Denied as stated.

89. Denied.

90. Denied as to Answering Defendant.

91. Denied.

92. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 92 are denied.

93. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 93 are denied.

94. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 94 are denied.

95. Denied.

96. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 96 are denied.

**COUNT VII**
**MISAPPROPRIATION OF TRADE SECRETS IN**
**VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT**

97. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-96 of the First Amended Complaint as if set forth herein.

98. Answering Defendant denies the items specified in this paragraph constitute trade secrets of Plaintiff.

99. Denied.

100. Denied.

101. Denied as stated.

102. Denied.

103. Denied as to Answering Defendant.

104. Denied.

105. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 105 are denied.

106. Denied.

107. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 107 are denied.

108. Denied.

109. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 109 are denied.

## COUNT VIII
### (BREACH OF DUTY OF LOYALTY)

110. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-109 of the First Amended Complaint as if set forth herein.

111. Ms. Shaiper admits she was a former employee of debtor CCMI. Ms. Shaiper denies the remaining allegations of this paragraph.

112. Denied.

113. Denied.

114. Denied.

## COUNT IX
### (AIDING AND ABETTING BREACH OF DUTY OF LOYALTY)

115. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-114 of the First Amended Complaint as if set forth herein.

116. The allegations in this paragraph relate to a party other than the Answering Defendant.

117. The allegations in this paragraph relate to a party other than the Answering Defendant.

118. The allegations in this paragraph relate to a party other than the Answering Defendant.

119. The allegations in this paragraph relate to a party other than the Answering Defendant.

120. The allegations in this paragraph relate to a party other than the Answering Defendant.

## COUNT X
## (TORTIOUS INTERFERENCE WITH CCMI'S BUSINESS RELATIONS)

121. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-120 of the First Amended Complaint as if set forth herein.

122. Denied as stated as to Answering Defendant.

123. Denied as stated as to Answering Defendant.

124. Denied as to Answering Defendant.

125. Denied as to Answering Defendant.

126. Denied as to Answering Defendant.

## COUNT XI
## (CIVIL CONSPIRACY)

127. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-126 of the First Amended Complaint as if set forth herein.

128. Denied as to Answering Defendant.

129. Denied as to Answering Defendant.

130. Denied as to Answering Defendant.

## COUNT XII
## (UNFAIR COMPETITION)

131. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-130 of the First Amended Complaint as if set forth herein.

132. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 132 are denied.

133. Denied.

134. Denied.

## COUNT XIII
### (UNJUST ENRICHMENT)

135. The Answering Defendant incorporates her responses to the allegations in paragraphs 1-134 of the First Amended Complaint as if set forth herein.

136. Denied.

137. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

138. The First Amended Complaint fails to state a claim against Answering Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

139. The claims set forth in the First Amended Complaint are barred under the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

140. The claims set forth in the First Amended Complaint are barred under the doctrines of waiver, laches, unclean hands, in pari delicto, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

141. Plaintiff's claims fail, in whole or in part, because Plaintiff cannot establish Answering Defendant owed any fiduciary duty.

**FIFTH AFFIRMATIVE DEFENSE**

142. Plaintiff's claims fail, in whole or in part, because Plaintiff cannot establish Answering Defendant breached any fiduciary duty.

**SIXTH AFFIRMATIVE DEFENSE**

143. Plaintiff's claims are barred by application of the first breach rule.

**SEVENTH AFFIRMATIVE DEFENSE**

144. Plaintiff's claims are subject to setoff and/or recoupment by Answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

145. Any performance owed by Answering Defendant is excused on account of Plaintiff's breach of contract.

**NINTH AFFIRMATIVE DEFENSE**

146. The Answering Defendant hereby adopts and incorporate by reference any other affirmative defenses asserted by other defendants in this action to the extent said defenses are applicable to the Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

147. The Answering Defendant reserves the right to assert other defenses as this action proceeds and reserve the right to file an Amended Answer asserting additional affirmative defenses.

WHEREFORE, Ms. Shaiper respectfully requests this Court enter an order: i) dismissing the First Amended Complaint in its entirety with prejudice and ii) granting such further relief as is fair and just to the Answering Defendant.

Dated: May 7, 2018
Wilmington, DE

*s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
O'Kelly Ernst & Joyce, LLC
901 N. Market Street, 10th Floor
Wilmington, DE  19801
Direct Dial: (302) 778-4003
Facsimile: (302) 295-2873
mjoyce@oelegal.com

*Counsel to Michelle Shaiper*